**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 7 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

vs.

GUSTAVO ROSALES,

      Defendant - Appellant.

No. 98-5109
(D.C. No. 97-CR-150-C)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **PORFILIO**, and **KELLY**, Circuit Judges.[**]

Mr. Rosales appeals from his conviction for possession with intent to distribute methamphetamine, 21 U.S.C. § 841(a)(1) & (b)(1)(A). Mr. Rosales and co-defendant Alberto Gonzalez were named in a single count indictment. Mr. Gonzales entered a conditional plea and Mr. Rosales was found guilty by a jury and sentenced to 151 months and fined $1,500. On appeal, Mr. Rosales

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

challenges the sufficiency of the evidence and the denial of a motion to suppress. We affirm.

Sufficiency of the evidence is a legal inquiry, reviewed de novo. United States v. Wilson, 182 F.3d 737, 742 (10th Cir. 1999). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). In reviewing the record, the court does not reweigh the evidence or consider the credibility of the witnesses. United States v. Haslip, 160 F.3d 649, 652-53 (10th Cir. 1998). Instead, we consider "the direct and circumstantial evidence, along with reasonable inferences therefrom . . . ." United States v. Wilson, 107 F.3d 774, 778 (10th Cir. 1997) (quoting United States v. Mains, 33 F.3d 1222, 1227 (10th Cir. 1994)).

Mr. Rosales claims that the evidence fails to prove possession, an essential element of the crime. Mr. Rosales did not have actual possession of the drugs which were found on co-defendant Gonzalez. Therefore, sufficient evidence must exist to demonstrate constructive possession. "Constructive possession occurs when a person knowingly has ownership, dominion or control over the narcotics and the premises where the narcotics are found. Although constructive possession may be shown by circumstantial evidence, the government must show a sufficient

nexus between the defendant and the narcotics." United States v. Jenkins, 175 F.3d 1208, 1216 (10th Cir. 1999) (citations and internal quotation marks omitted).

Here, sufficient evidence of constructive possession exists. First, the police officers were informed by a police drug task force that Mexican males would be arriving in Tulsa on a particular morning flight carrying narcotics. See 5 R. 32. Second, Mr. Rosales and co-defendant Gonzalez, both Mexican males, arrived on the same 1 a.m. flight from Ontario, California, to Tulsa, Oklahoma, although Mr. Gonzalez testified that this was "just a coincidence, nothing else." Id. at 78, 80, 88. Third, both men exited the plane separately and walked between 10 to 25 yards apart without communication, until they met together outside the terminal. See id. at 7, 22-23, 36. Fourth, Mr. Rosales motioned for the taxicab and was only then met by Gonzalez, after which the two drove off in the cab together. See id. at 37. Finally, Mr. Rosales directed the taxicab driver as to where to go throughout the cab ride. See id. at 52-57.

Mr. Rosales relies principally on the trial testimony of co-defendant Gonzalez in bringing his sufficiency challenge. Gonzalez testified that Mr. Rosales knew nothing about the drugs or the purpose of the trip. See id. at 87-88. However, his testimony was impeached by a police officer that interviewed Gonzalez shortly after the arrest. According to the officer, Gonzalez stated that he was working for Rosales delivering drugs and that Rosales knew about the

purpose of the trip.   See id. at 102-03.  Taken in a light most favorable to the prosecution, this evidence was sufficient for a reasonable jury to find constructive possession.

Mr. Rosales also challenges the district court's denial of a motion to suppress.  He claims that the police officers did not have probable cause to detain him outside the taxi when they ordered him to keep his hands in view.  Another panel of the court has already addressed the propriety of the denial of the same motion in the context of co-defendant Gonzalez's appeal.      United States v. Gonzalez , No. 98-5070, 1999 WL 381114 (10th Cir. June 11, 1999).  Having considered the arguments raised by Mr. Rosales, we adopt the analysis and disposition of the   Gonzalez  panel in full and, specifically, the conclusion "that under the totality of the circumstances the officers had reasonable suspicion to briefly detain and question defendant."      Id. at *2.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge